## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>BILLY RAY LANG, JR.,<br><br>                Defendant. | Case No. 3:15-cr-00001-SLG |

### ORDER REGARDING MOTION TO MODIFY SUPERVISED RELEASE

Before the Court at Docket 209 is defendant Billy Ray Lang, Jr.'s Motion to Delete Fourth and Fifth Special Conditions of Supervised Release. The government did not file a response. The U.S. Probation Office filed a sealed memorandum at Docket 212. No hearing has been requested, and Federal Rule of Criminal Procedure 32.1(c) does not require a hearing because the relief sought is favorable to Mr. Lang and the government did not file an objection.

**I.   Relevant facts**

In June 2016, the Court sentenced Mr. Lang to 46 months imprisonment followed by a five-year term of supervised release after Mr. Lang pleaded guilty to drug conspiracy and money laundering conspiracy.[1] At the time Mr. Lang was sentenced, he had been charged in Alaska state court in March 2016 with two

---

[1] Docket 118.

counts of Sexual Abuse of a Minor in the First Degree and two counts of Sexual Abuse of a Minor in the Second Degree.[2] The sex abuse charges involved allegations that in approximately 2013 and 2014, Mr. Lang had sexually assaulted his three-year old sister and his eight-year old niece.[3] In July 2021, years after his federal sentencing, the State of Alaska added a charge of Coercion in his sexual abuse of a minor case.[4] The same day the Coercion charge was added, Mr. Lang pleaded guilty in state court to the Coercion charge, and the Sexual Abuse of a Minor charges were dismissed.[5]

As recommended by the U.S. Probation Office,[6] the Court imposed a special condition requiring Mr. Lang to participate in a sex offender assessment and treatment and a special condition requiring no contact with minors without prior permission of a probation officer.[7] The Court did not make special findings related to the no-contact condition, and it does not appear that Mr. Lang objected to the special conditions when they were imposed. Mr. Lang now seeks to remove these two special conditions of supervised release. Mr. Lang contends that because he

---

[2] *State of Alaska v. Billy Ray Lang*, Case No. 3AN-15-08390CR; Docket 115 at 16–18 (under seal). The state sex abuse charges were initially filed in September 2015, then were dismissed in January 2016, and then were refiled in March 2016.

[3] Docket 212 at 1; Docket 115 at 17–18.

[4] *State of Alaska v. Billy Ray Lang*, Case No. 3AN-15-08390CR.

[5] *State of Alaska v. Billy Ray Lang*, Case No. 3AN-15-08390CR; Docket 209-1.

[6] Docket 106 at 2–3 (under seal).

[7] Docket 118 at 5, ¶¶ 4–5.

Case No. 3:15-cr-00001-SLG, *United States v. Lang*
Order Re Motion to Modify Supervised Release
Page 2 of 5
Case 3:15-cr-00001-SLG-MMS   Document 213   Filed 04/22/22   Page 2 of 5

was not convicted of a sex offense, the special conditions are now unnecessary, highly restrictive and involved a greater deprivation of liberty than is reasonably necessary.[8]

## II. Analysis

A district court has broad discretion to impose special conditions of supervised release so long as the conditions are reasonably related to deterrence, protection of the public, and/or rehabilitation of the defendant.[9] Moreover, a special condition does not have to be related to the crime of conviction, "because the sentencing judge is statutorily required 'to look forward in time to crimes that may be committed in the future' by the convicted defendant."[10] A district court is "not restricted to imposing conditions that would prevent further crimes of the defendant that were identical to his offense"; instead, the search condition must only be reasonably related to preventing and deterring further crimes.[11]

Here, the challenged special conditions continue to have an adequate nexus to the sentencing goals of deterrence or rehabilitation of the defendant and/or protection of the public. Although the condition does not relate directly to Mr.

---

[8] Docket 209 at 4. Mr. Lang does not assert that the condition prohibiting contact with minors impedes his right to associate with any intimate family member, an assertion which would trigger an analysis pursuant to *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012).

[9] 18 U.S.C. § 3583(d)(1), (2).

[10] *United States v. Blinkinsop*, 606 F.3d 1110, 1119 (9th Cir. 2010) (quoting *United States v. Wise*, 391 F.3d 1027, 1031 (9th Cir. 2004)).

[11] *United States v. Bare*, 806 F.3d 1011, 1019, n. 6 (9th Cir. 2015).

Case No. 3:15-cr-00001-SLG, *United States v. Lang*
Order Re Motion to Modify Supervised Release
Page 3 of 5
Case 3:15-cr-00001-SLG-MMS   Document 213   Filed 04/22/22   Page 3 of 5

Lang's drug conspiracy or money laundering conspiracy offenses, it is reasonably related to the 2016 state charges involving allegations of sex abuse against two prepubescent family members, and to Mr. Lang's resolution of that case by pleading to Coercion less than one year ago.[12] The U.S. Probation Office has determined that Mr. Lang "pos[es] a risk of harm to children he may have contact with."[13] Indeed, Mr. Lang is on parole with the State of Alaska and is required by the terms of his parole to obtain a sex offender evaluation and treatment and to have no contact with minors.[14] Notably, Mr. Lang has not yet completed a sex-offender assessment to determine what, if any, sex-offender treatment is needed.[15]

    The Court finds that the supervised release conditions are not highly restrictive and do not involve a greater deprivation of liberty than is reasonably necessary. The current treatment condition requires an assessment and treatment as directed by his probation officer. The current no-contact condition does not prevent Mr. Lang from ever having contact with minors. Instead, it requires him to first get the approval of his probation officer. Until such time as Mr. Lang is

---

[12] *State of Alaska v. Billy Ray Lang*, Case No. 3AN-15-08390CR.

[13] Docket 212 at 2.

[14] Docket 212 at 2.

[15] Docket 212 at 2.

Case No. 3:15-cr-00001-SLG, *United States v. Lang*
Order Re Motion to Modify Supervised Release
Page 4 of 5
Case 3:15-cr-00001-SLG-MMS   Document 213   Filed 04/22/22   Page 4 of 5

assessed as not needing treatment or having completed treatment, and as not posing a threat to minors, the challenged conditions are appropriate.

In determining whether to modify the conditions of supervised release, a court considers certain 18 U.S.C. § 3553(a) factors.[16] Here, the Court finds that the nature and circumstances of the offense and the history and characteristics of Mr. Lang, the need to afford adequate deterrence, and the need to protect the public from further crimes do not support the requested modification of supervised release. The Court also finds that maintaining the current special conditions does not modify the kinds of sentence established for the crime of conviction, does not cause unwarranted sentencing disparities, and does not affect restitution because none was ordered in this case. The Court concludes that removal of the sex offender assessment and treatment condition and the no-contact with minors condition is not warranted at this time.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that the motion at Docket 209 is DENIED without prejudice to renew should further information become available after Mr. Lang has completed a sex-offender evaluation.

DATED this 22nd day of April, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[16] 18 U.S.C. § 3583(e)(2) (requiring a court to consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)").

Case No. 3:15-cr-00001-SLG, *United States v. Lang*
Order Re Motion to Modify Supervised Release
Page 5 of 5
Case 3:15-cr-00001-SLG-MMS   Document 213   Filed 04/22/22   Page 5 of 5